IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22 C 4374 |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) | |
| Chicago Police Officers JERALD WILLIAMS, | ) | The Honorable Lindsay C. Jenkins |
| Star No. 3317, ENRIQUE DELGADO | ) | Judge Presiding |
| FERNANDEZ, Star No. 6261, CHRISTOPHER | ) | |
| PASCHAL, Star No. 11996, LAWRENCE | ) | |
| KERR, Star No. 4871, and MILTON KINNISON, | ) | |
| Star No. 12440, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Raymond Jackson, by his attorney, Peter V. Bustamante, for his First Amended Complaint against the City of Chicago, Chicago Police Officers Jerald Williams, Enrique Delgado Fernandez, Christopher Paschal, Lawrence Kerr and Milton Kinnison, states:

1. This is a civil action bought under the Civil Rights Act, 42 U.S.C. § 1983, to redress violations of the Plaintiff's 4th, 5th and 14th Amendment Constitutional rights. Supplemental state law claims are brought pursuant to 28 U.S.C. § 1367.

2. Raymond Jackson is a natural person.

3. The City of Chicago is a municipal corporation, organized and existing under and by virtue of the laws of the State of Illinois.

4. Through its operations, the City of Chicago established and organized the Chicago Police Department.

5. Jerald Williams, Star No. 3317, is a natural person, employed by the City of Chicago as a police officer.

6. Enrique Delgado Fernandez, Star No. 6261, is a natural person, employed by the City of Chicago as a police officer.

7. Christopher Paschal, Star No. 11996, is a natural person, employed by the City of Chicago as a police officer.

8. Lawrence Kerr, Star No. 4871, is a natural person, employed by the City of Chicago as a police officer.

9. Milton Kinnison, Star No. 12440, is a natural person, employed by the City of Chicago as a police officer.

10. At all times pertinent, the aforementioned Chicago Police personnel were acting within the scope of their employment as Chicago Police Officers.

11. At all times pertinent, the aforementioned Chicago Police Officers were acting under color of state law.

12. On September 15, 2019, Raymond Jackson was visiting some friends at 12446 South Harvard Avenue, Chicago, Illinois (the "residence").

13. The residence is a two story single family home. It has one bedroom in the first floor on the north side of the building and two bedrooms in the second floor, one on the north side and the other on the south side of the building.

14. The first floor has a main entrance on the east side of the residence and a side entrance to the south of the building. The first floor has a closet immediately to the south of the main entrance.

15. At all times pertinent, Raymond Jackson was sitting on a couch in the living room of the residence.

16. On September 15, 2019, at approximately 4:15 p.m., Officers Paschal, Fernandez, Williams, Kerr and Kinnison were in the vicinity of the residence.

17. Officer Kerr used a ram to force open the south door of the residence.

18. Officer Fernandez was the first officer to enter the residence, saw an individual running up the stairs and pursued that individual.

18. All the other officers entered within seconds after Fernandez and proceeded to detain individuals as they found them.

19. All of the Officers were shouting orders to the individuals, not to move, show your hands, get on the floor and put your hands behind your back.

20. Raymond Jackson immediately got face down on the floor and put his hands behind him, after which he was handcuffed.

21. The officers searched the residence and found a handgun in the closet adjacent to the main entrance.

22. Officer Williams claimed that he saw Raymond Jackson with an "item" in his hand and that Jackson put that "item" in the closet adjacent to the main entrance.

23. Officer Williams claimed that he believed the "item" was a gun.

24. Officer Williams never called out "gun" to warn his fellow officers.

25. Officer Williams never yelled out any orders to Jackson to "drop it."

26. Officer Williams never discharged his firearm, or any other weapon, at Jackson.

27. Officer Williams' claim that Jackson put a gun in the closet was fabricated.

28. Officer Paschal did not see Raymond Jackson with a gun in his hand.

29. Officer Fernandez did not see Raymond Jackson with a gun in his hand.

30. Officer Kerr did not see Raymond Jackson with a gun in his hand.

31. The Defendant Officers knew or should have known that Raymond Jackson did not own, rent or live in the residence.

32. The Defendant Officers did not request fingerprint analysis of the gun found in the closet.

33. Nevertheless the Defendant Officers Williams, Fernandez, Paschal, Kerr and Kinnison, falsely charged Raymond Jackson with unlawful use or possession of a weapon by a felon.

34. As a result of the Defendants' actions, Raymond Jackson was incarcerated in Cook County Jail.

35. The trial of the criminal case against Raymond Jackson started on February 23, 2022.

36. On April 13, 2022, Raymond Jackson was found not guilty of the crime falsely charged against him.

37. Raymond Jackson was incarcerated and/or under electronic monitoring from September 15, 2019 to April 13, 2022.

38. 42 U.S.C. § 1983 provides that every person who, under color of law, subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States, shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding for redress.

## COUNT I – FEDERAL MALICIOUS PROSECUTION

1-38.   Plaintiff, Raymond Jackson, repeats and re-alleges paragraphs 1 through 38 above, as paragraphs 1 through 38 of Count I, as though set forth verbatim herein.

39.   On September 15, 2019, Officers Williams, Fernandez, Paschal, Kerr and Kinnison, falsely charged Raymond Jackson with unlawful use or possession of a weapon by a felon.

40.   The false charges brought by the Defendant Officers violated Raymond Jacksons's rights under the 4th Amendment of the United States Constitution.

41.   As a direct and proximate cause of the intentional deprivation of Raymond Jackson's constitutionally protected rights, Raymond Jackson spent time in jail and suffered injuries.

**WHEREFORE,** Raymond Jackson prays in his favor and against Officers Williams, Fernandez, Paschal, Kerr and Kinnison, that he be awarded compensatory and punitive damages, reasonable attorney's fees, the cost of this action, and such other and further relief as the Court deems just.

## COUNT II – STATE LAW MALICIOUS PROSECUTION

1-38.   Plaintiff, Raymond Jackson, repeats and re-alleges paragraphs 1 through 38 above, as paragraphs 1 through 38 of Count II, as though set forth verbatim herein.

39.   On September 15, 2019, Officers Williams, Fernandez, Paschal, Kerr and Kinnison, falsely charged Raymond Jackson with unlawful use or possession of a weapon by a felon and willfully and wantonly initiated criminal proceedings against Raymond Jackson and/or caused criminal proceedings to be continued against Raymond Jackson, without probable cause to believe Raymond Jackson had committed a crime.

40. The false charges brought by the Defendant Officers were brought with malice, willfulness, and/or reckless indifference to Raymond Jacksons's rights. The Defendants created and gave false accounts regarding the facts underlying the charges against Raymond Jackson, and/or fabricated evidence. In taking these actions, the Defendant Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago.

41. As a direct and proximate cause of the willfull, wanton and malicious acts of the Defendants, Raymond Jackson spent time in jail and suffered injuries.

42. On April 13, 2022, all criminal proceedings against Raymond Jackson were terminated in his favor in a manner indicative of his innocence.

43. The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

**WHEREFORE,** Raymond Jackson prays for a judgment in his favor and against the City of Chicago and Officers Williams, Fernandez, Paschal, Kerr and Kinnison, that he be awarded compensatory and punitive damages against the Police Officer Defendants, the cost of this action, and such other and further relief as the Court deems just.

### COUNT III - ILLEGAL RESTRAINT

1-38. Plaintiff, Raymond Jackson, repeats and re-alleges paragraphs 1 through 38 above as paragraphs 1 through 38 of Count III, as though set forth verbatim herein.

39. After detaining Raymond Jackson, Defendants were informed by Raymond Jackson that the gun found in the first floor closet of the residence was not his.

40. The Defendants had a duty to investigate and conduct appropriate tests, such as fingerprint analysis.

6

41. The Defendants failed to conduct a fingerprint analysis of the gun found in the first floor closet of the residence.

42. As a direct and proximate result of the intentional deprivation of Raymond Jackson's constitutionally protected rights, Raymond Jackson spent time in jail and suffered injuries. As a further direct and proximate result of the Defendants' intentional misconduct, Raymond Jackson sustained financial loss.

**WHEREFORE**, Raymond Jackson prays for judgment in his favor and against Officers Williams, Fernandez, Paschal, Kerr and Kinnison, and that he be awarded compensatory and punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT IV – UNLAWFUL DETENTION

1-38. Plaintiff, Raymond Jackson, repeats and re-alleges paragraphs 1 through 38 above as paragraphs 1 through 38 of Count IV, as though set forth verbatim herein.

39. The 5th and 14th Amendments of the U.S. Constitution provide that a person cannot be deprived of life, liberty, and property without due process.

40. Defendants violated Raymond Jackson's constitutionally protected rights when they arrested him on false charges.

41. As a direct and proximate result of the intentional deprivation of Raymond Jackson's constitutionally protected rights, Raymond Jackson spent time in jail and suffered injuries.

**WHEREFORE**, Raymond Jackson prays for judgment in his favor and against Officers Williams, Fernandez, Paschal, Kerr and Kinnison, and that he be awarded compensatory and

punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

### COUNT V – INDEMNITY CITY OF CHICAGO

1. Plaintiff, Raymond Jackson, repeats and re-alleges the allegations contained in Counts I through IV as though set forth verbatim herein.

2. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable when those employees are acting within the scope of their employment activities.

3. Defendants, Officers Williams, Fernandez, Paschal, Kerr and Kinnison, were, at all times relevant, acting within the course and scope of their employment with the City of Chicago. These Chicago Police Officers acted within the course and scope of their employment in committing the misconduct described herein.

**WHEREFORE**, Raymond Jackson prays for judgment in his favor and against the Defendant City of Chicago, for any tort judgment for compensatory damages for which its employees are liable, the costs of this action, and such other and further relief as the Court deems just.

### JURY DEMAND

Raymond Jackson hereby demands trial by jury.

                                    **RAYMOND JACKSON**

                                    *s/    Peter V. Bustamante*

Peter V. Bustamante
17 North State Street - Suite 1550
Chicago, Illinois 60602
(312) 346-2072
pvbust@bustamantelaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the above and foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT** was served upon:

Jordan F. Yurchich, Assistant Corporation Counsel Supervisor
Raymond Garant, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
jordan.yurchich2@cityofchicago.org
raymond.garant@cityofchicago.org

through the Court's CM/ECF system on March 27, 2023.

*s/ Peter V. Bustamante*
_____

Peter V. Bustamante
17 North State Street - Suite 1550
Chicago, IL 60602
(312) 346-2072
pvbust@bustamantelaw.com