UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-04374 |
| | ) | |
| THE CITY OF CHICAGO, a Municipal | ) | District Judge: |
| Corporation; Chicago Police Officers JERALD | ) | Hon. Lindsay C. Jenkins |
| WILLIAMS, Star No. 3317, ENRIQUE | ) | |
| DELGADO FERNANDEZ, Star No. 6261, | ) | Magistrate Judge: |
| CHRISTOPHER PASCHAL, Star No. 11996, | ) | Hon. Heather K. McShain |
| LAWRENCE KERR, Star No. 4871, and MILTON | ) | |
| KINNISON, Star No. 12440, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants, Jerald Williams, Enriquez Delgado Fernandez, Christopher Paschal, Lawrence Kerr, Milton Kinnison, and the City of Chicago, by and through one of their attorneys, Jordan F. Yurchich, Assistant Corporation Counsel Supervisor, submit the following answer, affirmative defenses, and jury demand to plaintiff's first amended complaint:

1. This is a civil action bought under Civil Rights Act, 42 U.S.C. § 1983, to redress violations of the Plaintiff's 4th, 5th, and 14th Amendment Constitutional rights. Supplemental state law claims are brought pursuant to 28 U.S.C. § 1367.

**ANSWER**: Defendants admit that plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights and also brings supplemental state law claims, but deny any allegation of misconduct or wrongdoing.

2. Raymond Jackson is a natural person.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

3. The City of Chicago is a municipal corporation, organized and existing under and by virtue of the laws of the State of Illinois.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

4. Through its operations, the City of Chicago established and organized the Chicago Police Department.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

5. Jerald Williams, Star No. 3317, is a natural person, employed by the City of Chicago as a police officer.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

6. Enrique Delgado Fernandez, Star No. 6261, is a natural person, employed by the City of Chicago as a police officer.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

7. Christopher Paschal, Star No. 11996, is a natural person, employed by the City of Chicago as a police officer.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

8. Lawrence Kerr, Star No. 4871, is a natural person, employed by the City of Chicago as a police officer.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

9. Milton Kinnison, Star No. 12440, is a natural person, employed by the City of Chicago as a police officer.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

10. At all times pertinent, the aforementioned Chicago Police personnel were acting within the scope of their employment as Chicago Police Officers.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

11. At all times pertinent, the aforementioned Chicago Police Officers were acting under color of state law.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

12. On September 15, 2019, Raymond Jackson was visiting some friends at 12446 South Harvard Avenue, Chicago, Illinois (the "residence").

**ANSWER**: Defendants admit that on September 15, 2019, Raymond Jackson was present at 12446 South Harvard Avenue in Chicago, Illinois, but lack knowledge as to the remaining allegations contained in this paragraph.

13. The residence is a two story single family home. It has one bedroom in the first floor on the north side of the building and two bedrooms in the second floor, one on the north side and the other on the south side of the building.

**ANSWER**: Officers Kerr, Delgado Fernandez, and the City admit the allegations contained in this paragraph. Officers Williams, Kinnison, and Paschal admit the residence is a two-story single-family home with a bedroom on the north-side of the first floor, but lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

14. The first floor has a main entrance on the east side of the residence and a side entrance to the south of the building. The first floor has a closet immediately to the south of the main entrance.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

15. At all times pertinent, Raymond Jackson was sitting on a couch in the living room of the residence.

**ANSWER**: Officers Kerr, Delgado Fernandez, Williams, and the City deny the allegations contained in this paragraph. Officers Kinnison and Paschal lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

16. On September 15, 2019, at approximately 4:15 p.m., Officers Paschal, Fernandez, Williams, Kerr and Kinnison were in the vicinity of the residence.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

17. Officer Kerr used a ram to force open the south door of the residence.

**ANSWER**: Officers Kerr, Paschal, and the City admit the allegations contained in this paragraph. Officers Delgado Fernandez, Williams and Kinnison admit that a ram was used to force open the south door of the residence, but lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

18. Officer Fernandez was the first officer to enter the residence, saw an individual running up the stairs and pursued that individual.

**ANSWER**: Officer Delgado Fernandez and the City admit the allegations contained in this paragraph. Officers Kerr, Williams, Kinnison, and Paschal admit that Officer Delgado Fernandez was the first officer to enter the residence and pursued an individual who ran up the stairs, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

- 5 -

18. All the other officers entered within seconds after Fernandez and proceeded to detain individuals as they found them.

**ANSWER**: Officers Delgado Fernandez, Kerr, Williams, Kinnison, and Paschal admit that officers entered the residence within seconds after Officer Delgado Fernandez and detained individuals, but lack knowledge or information sufficient to form a belief as to whether *all* of the officers entered the residence within seconds of Delgado Fernandez and detained individuals.

The City admits upon information and belief that *some* of the officers entered the residence within seconds after Officer Delgado Fernandez and that *some* of the officers detained individuals as they found them. Answering further, the City denies upon information and belief that *all* of the officers who were present at 12446 South Harvard Avenue on September 15, 2019 entered the residence within seconds after Officer Delgado Fernandez and detained individuals as they found.

19. All of the Officers were shouting orders to the individuals, not to move, show your hands, get on the floor and put your hands behind your back.

**ANSWER**: Officers Delgado Fernandez, Kerr, Williams, Kinnison, and Paschal admit that officers were shouting orders to the individuals, but lack knowledge or information as to the specific commands that were given and whether *all* of the officers gave those commands.

The City admits upon information and belief that *some* of the officers shouted orders to the individuals inside the residence, but lacks knowledge or information as to the specific commands that were given. Answering further, the City denies upon information and belief that *all* of the officers who were present at 12446 South Harvard Avenue on September 15, 2019 shouted orders to the individuals to not move, show their hands, get on the floor, and put their hands behind their back.

20. Raymond Jackson immediately got face down on the floor and put his hands behind him, after which he was handcuffed.

**ANSWER**: Officers Kerr, Delgado Fernandez, Williams, and the City deny the allegations contained in this paragraph. Officers Kinnison and Paschal lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

21. The officers searched the residence and found a handgun in the closet adjacent to the main entrance.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

22. Officer Williams claimed that he saw Raymond Jackson with an "item" in his hand and that Jackson put that "item" in the closet adjacent to the main entrance.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

23. Officer Williams claimed that he believed the "item" was a gun.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

24. Officer Williams never called out "gun" to warn his fellow officers.

**ANSWER**: Officer Williams and the City admit the allegations contained in this paragraph. Officers Kerr, Delgado Fernandez, Kinnison and Paschal lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

25. Officer Williams never yelled out any orders to Jackson to "drop it."

**ANSWER**: Officer Williams and the City admit the allegations contained in this paragraph. Officers Kerr, Delgado Fernandez, Kinnison and Paschal lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

26. Officer Williams never discharged his firearm, or any other weapon, at Jackson.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

27. Officer Williams' claim that Jackson put a gun in the closet was fabricated.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

28. Officer Paschal did not see Raymond Jackson with a gun in his hand.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

29. Officer Fernandez did not see Raymond Jackson with a gun in his hand.

**ANSWER**: Officer Delgado Fernandez and the City deny the allegations contained in this paragraph. Officers Kerr, Williams, Kinnison and Paschal lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

30. Officer Kerr did not see Raymond Jackson with a gun in his hand.

**ANSWER**: Officer Kerr and the City admit the allegations contained in this paragraph. Officers Delgado Fernandez, Williams, Kinnison, and Paschal lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

31. The Defendant Officers knew or should have known that Raymond Jackson did not own, rent or live in the residence.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

32. The Defendant Officers did not request fingerprint analysis of the gun found in the closet.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

33. Nevertheless, the Defendant Officers Williams, Fernandez, Paschal, Kerr and Kinnison, falsely charged Raymond Jackson with unlawful use or possession of a weapon by a felon.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

34. As a result of the Defendants' actions, Raymond Jackson was incarcerated in Cook County Jail.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

35. The trial of the criminal case against Raymond Jackson started on February 23, 2022.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

36. On April 13, 2022, Raymond Jackson was found not guilty of the crime falsely charged against him.

**ANSWER**: Defendants admit upon information and belief that Raymond Jackson was found not guilty, but deny he was falsely charged with a crime.

37. Raymond Jackson was incarcerated and/or under electronic monitoring from September 15, 2019 to April 13, 2022.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

38. 42 U.S.C. § 1983 provides that every person who, under color of law, subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

rights, privileges or immunities secured by the Constitution and laws of the United States, shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding for redress.

**ANSWER**: Defendants admit that section 1983 provides individuals the right to sue a person acting under color of state law for deprivations of any rights, privileges, or immunities secured by the Constitution and laws, but deny that this paragraph contains a complete or accurate statement of the law. Answering further, defendants deny any allegation of misconduct or wrongdoing.

### COUNT I – FEDERAL MALICIOUS PROSECUTION

1-38. Plaintiff, Raymond Jackson, repeats and re-alleges paragraphs 1 through 38 above, as paragraphs 1 through 38 of Count I, as though set forth verbatim herein.

**ANSWER**: Defendants incorporate their answers the paragraphs 1 through 38 of count I, as though set forth verbatim herein.

39. On September 15, 2019, Officers Williams, Fernandez, Paschal, Kerr and Kinnison, falsely charged Raymond Jackson with unlawful use or possession of a weapon by a felon.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

40. The false charges brought by the Defendant Officers violated Raymond Jackson's rights under the 4th Amendment of the United States Constitution.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

41. As a direct and proximate cause of the intentional deprivation of Raymond Jackson's constitutionally protected rights, Raymond Jackson spent time in jail and suffered injuries. As a further direct and proximate result of the Defendants' intentional misconduct, Raymond Jackson sustained financial loss.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT II – STATE LAW MALICIOUS PROSECUTION

1-38.   Plaintiff, Raymond Jackson, repeats and re-alleges paragraphs 1 through 38 above, as paragraphs 1 through 38 of Count II, as though set forth verbatim herein.

**ANSWER**:   Defendants incorporate their answers the paragraphs 1 through 38 of count II, as though set forth verbatim herein.

39.   On September 15, 2019, Officers Williams, Fernandez, Paschal, Kerr and Kinnison, falsely charged Raymond Jackson with unlawful use or possession of a weapon by a felon and willfully and wantonly initiated criminal proceedings against Raymond Jackson and/or caused criminal proceedings to be continued against Raymond Jackson, without probable cause to believe Raymond Jackson had committed a crime.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

40.   The false charges brought by the Defendant Officers were brought with malice, willfulness, and/or reckless indifference to Raymond Jackson's rights. The Defendants created and gave false accounts regarding the facts underlying the charges against Raymond Jackson, and/or fabricated evidence. In taking these actions, the Defendant Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

41.   As a direct and proximate cause of the willful, wanton and malicious acts of the Defendants, Raymond Jackson spent time in jail and suffered injuries.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

42.   On April 13, 2022, all criminal proceedings against Raymond Jackson were terminated in his favor in a manner indicative of his innocence.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

43. The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

**ANSWER**: Defendants deny that this paragraph completely and accurately sets for the law regarding the City's liability and therefore deny the allegations in this paragraph.

### COUNT III – ILLEGAL RESTRAINT

1-38. Plaintiff, Raymond Jackson, repeats and re-alleges paragraphs 1 through 38 above, as paragraphs 1 through 38 of Count III, as though set forth verbatim herein.

**ANSWER**: Defendants incorporate their answers the paragraphs 1 through 38 of count III, as though set forth verbatim herein.

39. After detaining Raymond Jackson, Defendants were informed by Raymond Jackson that the gun found in the first floor closet of the residence was not his.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

40. The Defendants had a duty to investigate and conduct appropriate tests, such as fingerprint analysis.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

41. The Defendants failed to conduct a fingerprint analysis of the gun found in the first floor closet of the residence.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

42. As a direct and proximate result of the intentional deprivation of Raymond Jackson's constitutionally protected rights, Raymond Jackson spent time in jail and suffered injuries. As a further direct and proximate result of the Defendants' intentional misconduct, Raymond Jackson sustained financial loss.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT IV – UNLAWFUL DETENTION

1-38. Plaintiff, Raymond Jackson, repeats and re-alleges paragraphs 1 through 38 above, as paragraphs 1 through 38 of Count IV, as though set forth verbatim herein.

**ANSWER**: Defendants incorporate their answers the paragraphs 1 through 38 of count IV, as though set forth verbatim herein.

39. The 5th and 14th Amendments of the U.S. Constitution provide that a person cannot be deprived of life, liberty, and property without due process.

**ANSWER**: Defendants admit that the 5th and 14th Amendments of the United States Constitution state, in part, that no State shall deprive any person of life, liberty, or property, without due process of law.

40. Defendants violated Raymond Jackson's constitutionally protected rights when they arrested him on false charges.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

41. As a direct and proximate result of the intentional deprivation of Raymond Jackson's constitutionally protected rights, Raymond Jackson spent time in jail and suffered injuries. As a further direct and proximate result of the Defendants' intentional misconduct, Raymond Jackson sustained financial loss.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT V - INDEMNITY CITY OF CHICAGO

1. Plaintiff, Raymond Jackson, repeats and re-alleges the allegations contained in Counts I through V as though set forth verbatim herein.

**ANSWER**: The City incorporates its answers to the allegations contained in Counts I through V as though set forth verbatim herein.

2. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable when those employees are acting within the scope of their employment activities.

**ANSWER**: The City admits that under certain circumstances, public entities such as the City are directed to pay compensatory damages on a tort judgment against an employee acting within the scope of his or her employment, but denies that this paragraph contains a complete or accurate statement of Illinois law and therefore denies the allegations contained in this paragraph.

3. Defendants, Officers Williams, Fernandez, Paschal, Kerr and Kinnison, were, at all times relevant, acting within the course and scope of their employment with the City of Chicago. These Chicago Police Officers acted within the course and scope of their employment in committing the misconduct described herein.

**ANSWER**: The City admits that Officers Williams, Fernandez, Paschal, Kerr and Kinnison, were, at all times relevant, acting within the course and scope of their employment, but deny that they engaged in any misconduct or wrongdoing alleged herein.

## AFFIRMATIVE DEFENSES

1. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful in light of clearly established law and the information that Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity as a matter of law.

2. An individual cannot be held liable in a § 1983 action unless he personally caused or participated in an alleged constitutional deprivation." *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869

(1983); *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir. 1998); *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

3. Defendant Officers are entitled to absolute immunity for any in-court testimony given during grand jury proceedings or at trial. *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012); *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983); *Jurgensen v. Haslinger*, 295 Ill.App.3d 139, 141-42 (1998).

4. Plaintiff's illegal restraint claim is barred by Illinois's two-year statute of limitations. 745 ILCS 10/8-101 (West 2018).

5. To the extent plaintiff asserts an unlawful-pretrial-detention claim under the due process clause of the Fifth and Fourteenth Amendments, such a claim is not cognizable. *Dusenbery v. United States,* 534 U.S. 161, 167 (2002) (the Fifth Amendment applies to and restricts only the federal government); *Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019) (in cases not involving a conviction, pretrial detention claims sound only in the Fourth Amendment, not the Fourteenth Amendment).

6. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by him must be reduced by application of the principle that he had a duty to mitigate, commensurate with the degree of failure to mitigate attributed to him by the jury in the case.

7. Defendant Officers were working as police officers at the time of this incident. Therefore, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged, because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 752 ILCS 10/2-202 (West 2018).

8. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decisions and actions were based upon the information and circumstances known to Defendant Officers at the time and were discretionary decisions from which they are immune from liability. 745 ILCS 10/2-201, 2-109 (West 2018).

9. As to Plaintiff's state law claims to the extent they apply to the Defendant Officers, under the Illinois Tort Immunity Act, the Defendant Officers are not liable for any of the claims alleged because a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (West 2018).

10. Defendant Officers are not liable for Plaintiff's claims because a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2018).

11. To the extent any injuries or damages claimed by Plaintiff were proximately caused by the contributory fault chargeable to the Plaintiff, any verdict shall be diminished in the proportion to the amount of fault attributable to the Plaintiff, unless the jury finds that the contributory fault on the part of the Plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought, in which case the Plaintiff shall be barred from recovering damages. 735 ILCS 5/2-1116 (West 2018).

12. The City is not liable to plaintiff for any state law claims for which its employees or agents are not liable to Plaintiffs. 745 ILCS 10/2-109 (West 2018).

13. The City is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by plaintiff. 745 ILCS 10/2-102 (West 2018).

14. Plaintiff is not entitled to attorney's fees for his state law claims as "the law in Illinois clearly is that absent a statute or contractual agreement attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979); see also *Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989) ("Under Illinois law, a litigant is generally not allowed to recover his costs or attorney fees from the other party.").

## JURY DEMAND

Defendants respectfully demands a trial by jury for all issues so triable.

DATED: April 10, 2023                            Respectfully submitted,

                                                          BY: */s/ Jordan F. Yurchich*
                                                                    JORDAN F. YURCHICH
                                                                    Assistant Corporation Counsel Supervisor

Jordan F. Yurchich, Assistant Corporation Counsel Supervisor
Raymond Garant, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312.745.1625 (Phone)
Jordan.yurchich2@cityofchicago.org
Attorney No. 6307379

**CERTIFICATE OF SERVICE**

I hereby certify that, on **April 10, 2023**, I submitted with the Clerk for the Northern District of Illinois using the Court's electronic filing system or CM/ECF **Answer to First Amended Complaint**, and thereby provided a copy of same by service to all attorneys of record.

                                               */s/ Jordan F. Yurchich*
                                               JORDAN F. YURCHICH
                                               Assistant Corporation Counsel Supervisor